SELLERS, Justice (dissenting).
*976 I respectfully dissent. I believe that the probate judge's authentication of the record dated November 6, 2015, substantially complies with Ala. Code 1975, § 43-8-198. As the main opinion points out, that section requires that the probate court "must enter an order transferring the contest to the circuit court of the county in which the contest is made, and must certify all papers and documents pertaining to the contest to the clerk of the circuit court." There is no question that the probate judge certified all papers and documents filed in the probate court in his authentication of the record. Included in those documents was an order from the circuit court removing the administration of the estate to that court. The probate court's certification, while admittedly not an order per se, substantially complies with the statute in that the probate court acknowledges that the parties desire to take advantage of the equitable powers embodied in the circuit court and to have their will contest heard in that court. This is not an example of a circuit court improperly reaching down to remove a will contest without the knowledge or consent of the probate court. Rather, the probate court here is an accomplice in removing the case, acknowledging and confirming, if not consenting, to the transfer. To now cause the parties who have litigated their issues to, in effect, start over seems to exalt form over substance. The language contained in the probate court's authentication of the record comes very close to the substance of an order and clearly transfers the case file to the circuit court; I am not sure an order could accomplish more. After this case has proceeded through the circuit court, to now require the probate court to enter an order to effectively accomplish what was implicit in the authentication seems a waste of judicial economy. I therefore dissent from the main opinion.